IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Gregory Kyle Green,<br><br>    Plaintiff,<br><br>v.<br><br>Michael Sanchez and<br>North Charleston Police Department<br><br>    Defendants. | Civil Action No. 2:21-cv-01376-RMG<br><br>**ORDER AND OPINION** |

  Before the Court is Plaintiff's Motion for Default Judgment (Dkt. No. 24). For the reasons set forth below, Plaintiff's motion is **DENIED**.

### I. Background

  Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, moves for default judgment on his 42 U.S.C. § 1983 claim against Defendant Michael Sanchez, a detective for the North Charleston Police Department (NCPD). (Dkt. No. 24). The Court authorized service of process on Defendant Sanchez on December 2, 2021 (Dkt. No. 14), and a summons was issued as to Defendant Sanchez on December 6, 2021 (Dkt. No. 15). The summons was returned on December 10, 2021, but listed Lieutenant Daniel Bowman of the NCPD, not Defendant Sanchez, as the individual served. (Dkt. No. 17).

### II. Legal Standard

  The entry of default judgment is governed by Rule 55 of the Federal Rules of Civil Procedure which provides in relevant part that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by

1

affidavit or otherwise, the clerk must enter the party's default." Fed R. Civ. P. 55(a). "Before the plaintiff can move for default judgment, the clerk or the court must enter default." *Structural Concrete Prods. v. Clarendon Am. Ins. Co.*, 244 F.R.D. 317, 328 (E.D. Va. 2007) (quoting *Eagle Fire, Inc. v. Eagle Integrated Controls, Inc.*, No. 3:6-cv-264, 2006 WL 1720681, at *5 (E.D. Va. June 20, 2006)); *accord* 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (3d ed. 2007) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."). Additionally, the party moving for default judgment must show that the defaulted party was properly served. *Harris*, 388 F. Supp. 3d at 637-38. If the court determines that service was proper it then determines whether the allegations entitle the plaintiff to relief. *See Id.*

**III.     Discussion**

Here, Plaintiff's motion for default judgment is denied as premature because a default has not been entered pursuant to Fed. R. Civ. P. 55(a).

Even if there was an entry of default, Plaintiff's motion would still be denied because Plaintiff did not show that Defendant Sanchez was properly served. Rule 4 governs the service of process upon individuals in the United States and provides that it can be accomplished by either (1) delivering a copy of the summons and complaint to the defendant personally or to a person of suitable age and discretion then residing at the defendant's home or usual place of abode, (2) delivering a copy of the summons and complaint to an agent authorized by appointment or the law to receive service, or (3) pursuant to the law of the state in which the district court sits. The court is unable to determine that service was proper because the returned summons does not list Defendant Sanchez as the individual served, nor does the record indicate proper service to a person

of suitable age at Defendant Sanchez's home or to an authorized agent. Given the confusion surrounding service to Defendant Sanchez, the Court cannot grant this motion.

## IV. Conclusion

Accordingly, Plaintiff's Motion for Default Judgment (Dkt. No. 24) is **DENIED**.

                                                   s/Richard M. Gergel
                                                   Richard Mark Gergel
                                                   United States District Judge

June 22, 2022
Charleston, South Carolina