IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Gregory Kyle Green, | ) | Civil Action No. 2:21-cv-01376-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Michael Sanchez and | ) | **ORDER AND OPINION** |
| North Charleston Police Department, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court upon the Report and Recommendation ("R & R") of the Magistrate Judge recommending the Court dismiss certain claims in this action. (Dkt. No. 13). For the reasons stated below, the Court adopts the R & R as the Order of the Court.

I. **Background**

Plaintiff, a state prisoner proceeding *pro se*, brings this civil action seeking relief under 42 U.S.C. § 1983. This case was assigned to a Magistrate Judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D. S.C.). Under established local procedure in this judicial district, the Magistrate Judge conducted a careful review of the Amended Complaint pursuant to the provisions of 28 U.S.C. § 1915. The Magistrate then issued the present R & R. (Dkt. No. 13). Plaintiff did not file an objection.

II. **Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S. Ct. 549, 554-55 (1976). This Court is charged with making a de novo determination of those portions of the R & R to which specific

objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in party, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

### III. Discussion

After review of the record and the R & R, the Court finds that the Magistrate Judge applied sound legal principles to the facts of this case and therefore agrees with and wholly adopts the R & R as the order of the Court. The Court agrees that Plaintiff plausibly alleged a § 1983 claim against Defendant Sanchez for his alleged violation of Plaintiff's Fourth Amendment rights. The Court also agrees that Defendant North Charleston Police Department should be dismissed because the Amended Complaint makes no allegations of wrongdoing by the department. The Court also agrees that Plaintiff cannot establish false arrest or imprisonment here because Defendant Sanchez effected his arrest pursuant to a warrant and a claim for false arrest must allege that a warrantless arrest lacked probable cause. *Smith v. Munday*, 848 F.3d 248, 257 (4th Cir. 2017). Similarly, the Court agrees that Plaintiff's conviction requires dismissal of his malicious prosecution claim, which requires that the criminal proceeding terminate in the Plaintiff's favor. *Id.* at 253. Finally, the Court agrees that Plaintiff cannot maintain a perjury claim because a perjury constitutes a criminal act and does not give rise to a civil cause of action. *See, e.g.*, *Workman v. Perry*, No. 6:17-cv-3416-RBH-KFM, 2018 WL 450592, at *1 (D. S.C. Apr. 19, 2018), *adopted*, 2018 WL 2454914 (D. S.C. June 1, 2018), *aff'd*, 740 F. App'x 365 (4th Cir. 2018).

### IV. Conclusion

For the reasons set forth above, the Court agrees with and adopts the R & R (Dkt. No. 13) as the order of the Court.

  s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

June 28, 2022
Charleston, South Carolina