# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Gregory Kyle Green, | Case No. 2:21-cv-01376-RMG |
|       Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Michael Sanchez, | |
|       Defendant. | |

This matter is before the Court upon the Report and Recommendation ("R & R") of the Magistrate Judge recommending the Court deny Defendant's Motion to Dismiss. (Dkt. No. 42). For the reasons stated below, the Court adopts the R & R as the Order of the Court.

**I.     Background**

Plaintiff, a state prisoner proceeding *pro se*, brings this civil action seeking relief under 42 U.S.C. § 1983. (Dkt. No. 10). Plaintiff alleged Defendant procured Plaintiff's underlying arrest warrant by false statements in violation of Plaintiff's Fourth Amendment rights. (*Id.*). This case was assigned to a Magistrate Judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).

Defendant filed a Motion to Dismiss or, in the alternative, a Motion for Summary Judgment. (Dkt. No. 36). Plaintiff responded in opposition, (Dkt. No. 39), and Defendant replied (Dkt. No. 40). The Magistrate Judge issued an R & R, recommending that Defendant's Motion to Dismiss or, in the alternative, Motion for Summary Judgment be denied. (Dkt. No. 42). Defendant did not file an objection to the R & R.

1

## II. Standard

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note. In the absence of objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See, e.g.*, *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III. Discussion

After review of the record and the R & R, the Court finds that the Magistrate Judge applied sound legal principles to the facts of this case and therefore agrees with and wholly adopts the R & R as the order of the Court. The Court agrees that the statute of limitations does not bar Plaintiff's claim because Plaintiff's Fourth Amendment claim accrued on the date he learned of Defendant's purported violation, not on the date Plaintiff was arrested. The Court also agrees that Plaintiff's claim is not barred by the Supreme Court's holing in *Heck v. Humphrey*, 512 U.S. 477 (1994). In cases where convictions have not been declared invalid, *Heck* requires the court to dismiss § 1983 claims if a judgment in favor of the plaintiff would imply the invalidity of the plaintiff's conviction. *See id.* at 487. The Court here agrees with the Magistrate Judge that, at this early stage of the proceedings, the Court cannot conclude that a judgement in Plaintiff's favor

would imply the invalidity of his conviction. Accordingly, the Court finds no clear error in the R & R and adopts the R & R as the order of the Court. Defendant's motion to dismiss is denied.

## IV. Conclusion

Based on the above, The Court **ADOPTS** the R & R (Dkt. No. 42.) as the order of the Court. Accordingly, Defendant's Motion to Dismiss or, in the alternative, Motion for Summary Judgment (Dkt. No. 36) is **DENIED.**

           s/Richard M. Gergel
           Richard Mark Gergel
           United States District Judge

September 14, 2022
Charleston, South Carolina