IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gregory Kyle Green, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Michael Sanchez, )<br>)<br>Defendant. )<br>_____ ) | Case No. 2:21-cv-1376-RMG<br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that Defendant's motion for summary judgment be denied. (Dkt. No. 67). Defendant has filed objections to the R & R. Plaintiff has filed no reply.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

By way of background, Plaintiff, a *pro se* prisoner, has filed an action against Defendant, a detective with the North Charleston Police Department, asserting that his Fourth Amendment right to be free from unreasonable searches and seizures was violated by Defendant providing

materially false statements to a state magistrate in an affidavit to authorize the issuance of an arrest warrant charging Plaintiff with murder. These allegedly false statements included a representation that phone records of Plaintiff placed him at the scene of the crime when the Defendant had not obtained the phone records and certain witnesses placed Plaintiff at the murder scene but their later testimony at trial did not corroborate those representations.

Plaintiff has brought an action under 42 U.S.C. § 1983 for money damages against Defendant and asserts he does not challenge his subsequent conviction for murder. A party challenging the veracity of a warrant application must show that the officer deliberately or with reckless disregard for the truth made materially false statements in the warrant application. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). For false statements to be material, there must be a showing that there would not have been probable cause to issue the arrest warrant if the false statements had been omitted. *Miller v. Prince George's County, MD.*, 475 F.3d 621, 628 (4th Cir. 2017).

The Magistrate Judge had before her a limited record, primarily the Defendant's application for the issuance of a murder warrant and various excerpts from the transcript from Defendant's murder trial. (Dkt. No. 21-1). These records indicated testimony of the Defendant at trial in which he admitted that his statement that he had phone records placed Plaintiff at the scene of the murder was untrue. (*Id*. at 10-15). The trial excerpts also include testimony from three witnesses who did not corroborate statements in the application that placed Plaintiff at the scene of the murder. (*Id.* at 3-9). The Magistrate Judge concluded that, viewing the evidence in a light most favorable to the nonmoving party, the record before the Court supported a finding that Defendant made materially false statements in the warrant application and probable cause would

not have existed to issue the warrant in the absence of these false statements. (Dkt. No. 67 at 11-14).

Defendant has filed objections to the R & R arguing that the record contained only partial trial transcripts and there was no evidence to support the Magistrate Judge's conclusions that the trial witnesses were, in fact, the persons referred to in the application for the warrant. (Dkt. No. 69). A review of the record before the Court confirms the fact that there are certain gaps in the record before the Court, which are perhaps the product of Plaintiff acting *pro se* and presently incarcerated in state prison. The incomplete record raises serious issues, however, that should be resolved only after obtaining a full record in this matter with the assistance of competent counsel appointed by the Court.

Therefore, the Court declines to adopt the R & R (Dkt. No. 67) and remands the matter to the Magistrate Judge to develop a fuller and more complete evidentiary record. To that end, the Court will appoint counsel to represent Plaintiff before the Magistrate Judge and this Court regarding his claim. Discovery should be reopened in this matter under the guidance and direction of court appointed counsel for Plaintiff. The Court would be benefitted by a copy of the full trial transcript and discovery on what information Defendant had at the time he made the challenged representations in the application for a warrant. With this fuller record, the Magistrate Judge and this Court will address Defendant's motion for summary judgment.

Based on the foregoing, the Court declines to adopt the R & R of the Magistrate Judge (Dkt. No. 67) and remands this matter to the Magistrate Judge for further actions consistent with this Order.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Judge

May 16, 2023
Charleston, South Carolina